114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teru Yuki NAKANO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70286, Adx-llm-xkm.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 28, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Teru Yuki Nakano, a native of Vietnam and citizen of Japan, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's decision denying Nakano's request for suspension of deportation under 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant the petition for review.
 
 
 3
 We review for abuse of discretion the BIA's decision to deny an application for suspension of deportation. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995).
 
 
 4
 Nakano contends that the BIA abused its discretion when it determined that Nakano would not suffer extreme psychological hardship if deported to Japan. This contention has merit.
 
 
 5
 To qualify for suspension of deportation, an applicant must show (1) continuous physical presence in the United States for at least seven years; (2) good moral character; and (3) that deportation would result in extreme hardship to himself. See 8 U.S.C. § 1254(a)(1); Tukhowinich, 64 F.3d at 462. The BIA abuses its discretion when it fails to consider the particular and unusual psychological hardship an applicant would face if deported. Cf. id. at 463-64 (unusual psychological hardship resulting from potential inability to support family). The BIA also abuses its discretion when it fails to offer a reasoned explanation of why adverse factors outweigh a psychologist's testimony. See Watkins v. INS, 63 F.3d 844, 849-50 (9th Cir.1995) (finding abuse where BIA gave inadequate explanation regarding psychologist's testimony that petitioner's son would be unable to learn other country's language). Finally, the BIA abuses its discretion when it distorts or disregards important aspects of an applicant's claim that deportation would result in extreme psychological hardship. See id. at 848 (finding denial of relief was arbitrary, and BIA abused its discretion, where BIA disregarded evidence of psychological harm); see also Saldana v. INS, 762 F.2d 824, 827-28 (finding abuse where BIA distorted or disregarded psychological evidence, including psychiatric report regarding depression and trauma that petitioner's family might suffer if petitioner was deported).
 
 
 6
 Here, the BIA abused its discretion by failing to offer a reasoned explanation for its determination that, despite the expert testimony of Dr. Freda Cheung, a psychologist, Nakano's psychological problems were no worse than those most aliens would suffer. See Watkins, 63 F.3d at 849-50. Accordingly, we grant Nakano's petition for review and remand for further proceedings.
 
 
 7
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3